IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
06 DEC 22 PM 1:22
CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 05-1177 WPJ/RLP
    Cr. No. 03-210 WPJ

GABRIEL GUILLEN-ZAPATA,

    Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.   This is a proceeding brought pursuant to 28 U.S.C. § 2255. As stated by the Tenth Circuit Court of Appeals:

> Defendant Gabriel Guillen-Zapata, a Mexican citizen without immigration documents, was apprehended in New Mexico near the border between the United States and Mexico driving a vehicle transporting 1,650 pounds of marijuana. [Defendant] pled guilty in federal district court . . . to three counts: (1) conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)(A), (b)(1)(A) and 846; (2)( possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (3) being found in the United States after having been deported as an alien convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2).

*United States v. Guillen-Zapata*, 157 Fed.Appx. 75, **1 (10th Cir. 2005) (Unpublished decision).

2.   Defendant is currently incarcerated at the FCI in Big Springs, Texas. His Motion to Vacate, Set Aside, or Correct Sentence alleges ineffective assistance of counsel.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a guilty plea is being challenged, the establishment of prejudice requires a showing of a reasonable probability that, but for counsel's errors, Defendant would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

3. Defendant argues that counsel failed (a) to argue that the indictment was deficient because it did not contain an ending date to the alleged conspiracy and also failed to identify co-conspirators at sentencing; (b) to argue at sentencing and on appeal that the Government's evidence showed multiple conspiracies, when only a single conspiracy was charged; (c) to provide effective assistance by joining his co-defendant's motion to suppress evidence; and (d) to argue that the evidence of a conspiracy was insufficient.

4. Deficient indictment. Count I of the Superseding Indictment states:

> On or about the 19th day of December, 2002, in Doña Ana County, in the State and District of New Mexico and elsewhere, the defendants, GABRIEL GUILLEN-ZAPATA and ERASMO RUIZ-SOTO, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with each other and with other persons whose names are known and unknown to the grand jury to commit the following offense against the United States, to wit: Possession with Intent to Distribute 1000 kilograms and more of Marijuana, a Schedule I controlled substance, contrary to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A).

5. In *United States v. Gama-Bastidas*, 222 F.3d 779 (10thCir. 2000), the court held that an "indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id.* at 785 (internal quotation marks and

2

citation omitted). In this case, although the conspiracy lacks an ending date and fails to identify all individuals with whom defendant conspired, the face of the indictment clearly meets the standard set forth in *Gama-Bastidas*.

6. Moreover, the Government's proof set forth at the plea hearing does not show multiple conspiracies as Defendant alleges. "To establish the offense of conspiracy under 21 U.S.C. § 846, the government must prove . . . 'that two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy, that the defendant knowingly and voluntarily became a part of it, and that the alleged coconspirators were interdependent.'" *United States v. Williamson*, 53 F.3d 1500, 1517 (10th Cir. 1995) (citation omitted).

7. At the plea hearing, the Government outlined its evidence of conspiracy: Defendant and his co-defendant came across the border together, were traveling in tandem in similar utility vehicles, wearing the same hardhats, carrying batteries and two-way radios set at the same frequency, and both vehicles carried approximately the same amount of marijuana. Transcript at 11. Defendant at that hearing stated he did not disagree with the Government's evidence. *Id.* at 12. Defendant also acknowledged that his attorney had read and discussed the indictment with him. *Id.* at 3.

8. The foregoing shows only one conspiracy, not multiple conspiracies. Moreover, the foregoing facts indicate that the evidence of conspiracy was not insufficient. The standard for insufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S.

307, 318 (1979). While it is true that Defendant's alleged co-conspirator was acquitted at trial of the conspiracy charge, that is not the standard before this Court. The facts as outlined by the Government are more than sufficient to establish the essential elements of the crime charged.

9.  Because the indictment and the evidence were sufficient, Defendant has failed to show that his counsel was constitutionally ineffective on the foregoing grounds.

10. Finally, Defendant alleges that counsel was ineffective for joining in his co-defendant's motion to suppress. His claim is based on his belief that by joining in the motion, counsel conceded that he was a co-conspirator. This is incorrect. The conspiracy charge was not before the court on the motion to suppress; moreover, evidence of a conspiracy would be put before the jury to determine had Defendant elected to go to trial instead of pleading guilty. Again, Defendant has failed to show how counsel was ineffective on this ground, or that he suffered any prejudice from counsel's actions.

### RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence be denied and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

4